**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| MICHAEL ANGELO TELLEZ,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security,<br><br>    Defendant - Appellee. | No. 15-55055<br><br>D.C. No. 2:12-cv-07374-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Submitted June 15, 2016 [**]

Before: D. NELSON, GRABER, and WATFORD, Circuit Judges.

The administrative law judge (ALJ) offered clear and convincing reasons,

supported by substantial evidence, for rejecting examining psychologist Dr.

Jeannette Townsend's opinion that Michael Tellez's fear of leaving home would

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

impair his workplace attendance and reliability. *See* 20 C.F.R. § 404.1527(c); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

First, the ALJ properly based his rejection of Dr. Townsend's opinion on a lack of supportive clinical evidence. *Bayliss*, 427 F.3d at 1217. Although Dr. Townsend administered several psychological tests during her examination of Tellez, her final report does not identify any relevant specific test results, clinical observations, or other objective medical evidence to support her conclusion that Tellez's fear of leaving home would interfere with his work attendance or reliability.

Second, the ALJ properly based his rejection of Dr. Townsend's opinion on the fact that she predicated her opinion on an evaluation conducted during a single visit. Generally, more weight is given to an examining doctor's opinion when she has obtained a longitudinal picture of her patient's impairment. 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i).

Third, the ALJ's rejection of Dr. Townsend's opinion is supported by the fact that Tellez has not challenged the ALJ's adverse credibility determination concerning the severity of his panic attacks. Because Dr. Townsend's opinion about Tellez's attendance and reliability was not based on objective clinical evidence, but rather on Tellez's discredited reporting of his limitations, the ALJ

properly identified this as a basis for rejecting the opinion. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Finally, to the extent that the ALJ erred in rejecting Dr. Townsend's opinion as inconsistent with Tellez's self-reported activities of daily living, such as driving independently and joining a gym, any error was harmless because the ALJ's decision was otherwise supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**AFFIRMED.**